Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita revisión de una resolución final emitida por la Autoridad de Energía Eléctrica mediante la cual se desestimó la moción de reconsideración presentada por AEG-Electric Power *1061 Systems, Inc., por haberse presentado la misma una vez transcurridos los diez (10) días que para ello dispone el Reglamento de Subastas de la Autoridad de Energía Eléctrica en su Capítulo IV, Sección 1, Artículo C y la Sección 3.19.de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. see. 2169.
I
El trasfondo fáctico de la controversia que hoy nos ocupa se inició con la publicación de la subasta número LJO-09281 para el diseño y construcción de una sub-estación aislada por gas en Aguas Buenas, Puerto Rico.
El 29 de marzo de 1996 se celebró la apertura de la subasta a la que comparecieron como licitadores; ABB Power T. & D. Co., GEC Alsthon, Toshiba International, Co., Siemens Energy, Passco, Inc., Mitsubishi Electric y la recurrente de epígrafe, AEG Electric Power Systems, Inc , representada por J. A. Mera, Inc.
En el pliego de especificaciones de la subasta la agencia impuso como-condición especial a los licitadores que toda documentación relacionada con la misma tenía que ser escrita en el idioma inglés:

"1.4 All documentation should be written in the English Language. All measurements shall be expressed in both metric and english units."

El 12 de agosto de 1996 la Autoridad de Energía Eléctrica (AEE) le notificó a la recurrente y a todos los licitadores que la subasta número LJO-09281 había sido adjudicada a la compañía Mitsubishi Electric Power Products, Inc. En esta comunicación se le advirtió a los licitadores que se considerarían las protestas a la adjudicación siempre y cuando éstas se presentaran dentro de los diez (10) días siguientes a la notificación cursada por la agencia; es decir no más tarde del 22 de agosto de 1996.
Según se desprende del escrito de revisión y de su apéndice, los oficiales de la AEG-Electric Power Systems, Inc., y sus representantes, recibieron la notificación de la adjudicación de la subasta el 12 de agosto de 1996 y una vez enterados comenzaron a preparar la moción de reconsideración con el fin de presentarla dentro del término de diez (10) días establecido tanto por el Reglamento de la AEE como por la Ley de Procedimiento Administrativo Uniforme.
El 19 de agosto de 1996, tres días antes del vencimiento del término para presentar la protesta o reconsideración de la adjudicación de la subasta, el Sr. Jiménez Pagán, Gerente de Compras de la AEE, alegadamente le informó al Sr. Pont, Presidente de la Corp. J. A. Mera y representante de la recurrente, que no se apresurara tanto en preparar la protesta porque aquél estaba redactando una carta de Notificación de Adjudicación de Subasta en el idioma inglés que iba a dejar sin efecto la previamente notificada en el idioma español del 12 de agosto de, 1996. 
El 19 de agosto de 1996 la parte recurrente recibió la traducción al idioma inglés de la notificación original cursada por la agencia. En la segunda notificación se indicó que se cancelaba la notificación del 12 de agosto de 1996 y que se concedían diez (10) días a partir del 19 de agosto de 1996 para presentar cualquier protesta a la adjudicación de la subasta. 
El 29 de agosto de 1996 la recurrente, AEG-Electric Power Systems, a través de su representante J. A. Mera, presentó una Solicitud de Reconsideración en Protesta de la Adjudicación de la Subasta Núm. LJO-09281. El 12 de septiembre de 1996 la AEE se declaró sin jurisdicción para considerar la moción de reconsideración presentada por la recurrente de epígrafe por entender que la misma fue presentada tardíamente. La agencia resolvió en su Resolución en Reconsideración que el término de diez días dispuesto por ley para presentar la protesta comenzó a decursar a partir de la primera notificación, es decir el 12 de agosto de 1996. La agencia recurrida concluyó que el último día hábil para la presentación de la moción de reconsideración era el 22 de agosto de 1996 y se declaró sin jurisdicción para resolverla.
Inconforme con la determinación de la agencia recurrida, el 23 de septiembre de 1996, la AEG-Electric Power Systems, Inc., recurre ante nos y plantea la comisión del siguiente error:

*1062
"ERRO EL HONORABLE JUEZ ADMINISTRATIVO ANGEL R. PADILLA CACERES AL RESOLVER QUE LA AUTORIDAD DE ENERGIA ELECTRICA CARECIA DE JURISDICCION PARA ENTENDER EN LA SOLICITUD DE RECONSIDERACION EN PROTESTA DE LA ADJUDICACION DE LA SUBASTA RADICADA POR LAS QUERELLADAS-RECURRENTES, AL CONCLUIR QUE DICHA SOLICITUD FUE RADICADA FUERA DEL TERMINO DE DIEZ DIAS CONSIGNADO EN EL REGLAMENTO DE SUBASTAS DE LA AUTORIDAD DE ENERGIA ELECTRICA, CAPITULO IV, SECCION1, ARTICULO C."

El 8 de octubre de 1996 la Autoridad de Energía Eléctrica y Mitsubishi Electric Power Products, Inc. presentaron ante este Tribunal Oposición a Solicitud de Revisión Por Falta de Jurisdicción. Arguyen las recurridas que la parte recurrente omitió notificar la presentación del recurso de revisión a los licitadores que participaron en el procedimiento de subasta impugnado y que como consecuencia de ello incumplió con la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones que dispone en lo pertinente:

"(B) La parte recurrente notificará el escrito inicial de revisión a los(las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al (a la) funcionario (a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso."

La agencia recurrida añade además en su escrito, que el Gerente de Compras de la AEE no tenía autoridad para cursar la segunda notificación en el idioma inglés ni para extender el término de diez (10) días para la presentación de la moción de reconsideración.
El 18 de octubre de 1996 la AEG-Electric Power Systems, Inc. y su representante presentaron ante este Tribunal Réplica a Oposición a Solicitud de Revisión por Falta de Jurisdicción. Plantean en síntesis, que según lo establecido por nuestro ordenamiento jurídico no es necesario notificar a todos los licitadores de la presentación de un recurso de revisión. Los recurrentes arguyen que notificaron la presentación del recurso tanto a la agencia recurrida como al licitador agraciado y que de esta forma cumplieron con el requisito de notificación a las partes establecido en la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, (en adelante Ley Núm. 170).
El 16 de octubre de 1996 dictamos Resolución ordenando a los recurrentes mostrar causa por la cual no debíamos desestimar el recurso por falta de jurisdicción. AEG-Electric Power Systems, Inc. compareció oportunamente el 18 de noviembre de 1996. Estamos en posición de resolver.
II
Comenzaremos por discutir si es necesario notificar a todos los licitadores de la presentación de un recurso de revisión sobre la adjudicación de una subasta, o si por el contrario se cumple con el requisito de notificación a las partes notificando únicamente a la agencia y al licitador agraciado.
La sección 4.2 de la Ley Núm. 170, 3 L.P.R.A. see. 2172, según enmendada, dispone en su primer párrafo:

"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la see. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.

En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término *1063 de diez (10) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o la entidad apelativa, o dentro de los diez (10) días de haber transcurrido el plazo dispuesto por la see. 2169 de este título." (Enfasis suplido).
El párrafo antes citado fue interpretado por nuestro más alto foro en Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis, _ D.P.R. _ (1991), 91 J.T.S. 1. "Este lenguaje recoge la intención clara del legislador de que el recurso de revisión se perfeccione dentro del término de treinta (30) días. Es un fuerte indicador de que la notificación debe hacerse también dentro de ese término y que estamos propiamente ante un requisito de carácter jurisdiccional." Id., a la pág 8,258. En dicho caso el recurrente omitió notificar la presentación del recurso de revisión a la agencia recurrida. Nuestro Tribunal Supremo resolvió que la agencia era parte y que debió ser notificada de la presentación del recurso dentro del término jurisdiccional de treinta (30) días.
Ante los hechos específicos de la jurisprudencia antes citada resolvemos que no procede extender el alcance de la opinión a tal extremo que nos lleve a concluir que cuando se impugna la adjudicación de una subasta todos los licitadores continúan siendo parte en el proceso y que es un requisito de carácter jurisdiccional notificarles la presentación del recurso de revisión. Por el contrario, estos licitadores no agraciados dejan de ser personas con interés en los procedimientos, y por ende, dejan de ser parte.
Contrario a los casos de revisión judicial de decisiones administrativas, en casos de impugnación de subasta el término para presentar el recurso de revisión es de diez (10) días contados a partir del archivo en autos de copia de la orden o resolución final de la agencia o la entidad apelativa. Sección 4.2 de la Ley Núm. 170, 3 L.P.R.A. see. 2172. La obligación de notificar a las partes sobre la presentación de un recurso de revisión significa que el recurrente deberá notificar tanto a la agencia recurrida como al licitador agraciado en la buena pro por ser éste una persona con interés en los procedimientos. El último adquirió un interés que puede verse afectado por el recurso de revisión donde lo que se pretende es impugnar la subasta adjudicada. Finalmente, resultaría oneroso imponer al recurrente como requisito jurisdiccional para presentar un recurso de revisión, la notificación a todos los licitadores que concurrieron a la puja, todo esto dentro del reducido término de diez (10) días.
El recurrente de epígrafe notificó la presentación del recurso de revisión tanto a la agencia recurrida como al licitador agraciado, Mitsubishi Electric Power Products, Inc.
En vista de ello acreditamos nuestra jurisdicción para entender en el recurso ante nuestra consideración.
III
La AEG-Electric Power Systems, Inc., recurre de la resolución emitida por la AEE el 12 de septiembre de 1996 declarándose sin jurisdicción para entender en la moción de reconsideración presentada por aquella, por alegadamente haberse presentado la misma tardíamente. Nos corresponde resolver si la notificación traducida al idioma inglés, cursada por la agencia recurrida el 19 de agosto de 1996, dejó sin efecto la resolución original notificada el 12 de agosto de 1996. Es importante señalar que en la segunda notificación enviada por la agencia se canceló la primera notificación sobre la adjudicación de la subasta y se le advirtió al aquí recurrente del derecho a presentar protesta o reconsideración dentro del término de diez (10) días, contados a partir del 19 de agosto de 1996.
La Sec. 3.19 de la Ley Núm. 170, 3 L.P.R.A. see. 2169, dispone sobre el término para solicitar reconsideración de la adjudicación de una subasta lo siguiente:

"La parte adversamente afectada por una decisión podrá, dentro del término de diez (10) días a partir de la adjudicación de la subasta, presentar una moción de reconsideración ante la agencia o la entidad apelativa de subastas, de existir una en la agencia, según sea el caso. ”

Igual lenguaje recoge el Reglamento de Subastas de la AEE en su Capítulo IV, Artículo C(l), que en lo pertinente dispone:

"A fin de que la Moción de Reconsideración sea considerada en sus méritos, el solicitante debe 
*1064
cumplir con los siguientes requisitos:

"1. Radicar por escrito un original y dos copias de la Moción de Reconsideración ante la Secretaría de Procedimientos Adjudicativos de la Autoridad, cuya dirección aparece en las instrucciones a los licitadores, dentro del término de diez (10) días contados a partir de la fecha de la notificación de la adjudicación de la subasta concernida." (Enfasis nuestro).
Al examinar la notificación de la adjudicación de la subasta, cursada por la agencia recurrida el 12 de agosto de 1996, concluimos que la misma no fue defectuosa, como afirma la parte recurrente en su escrito de revisión. La notificación de una agencia se considera defectuosa cuando no contiene las advertencias necesarias para garantizar el debido proceso de ley a las partes afectadas por la decisión administrativa. Rivera Rivera v. Departamento de Servicios Sociales, _ D.P.R. _ (1992), 92 J.T.S. 169. La recurrente de epígrafe plantea en su recurso que la notificación del 12 de agosto de 1996 fue defectuosa porque fue redactada en español, contrario a lo exigido por el pliego de especificaciones de la subasta. 
Es importante señalar que los requisitos establecidos en el pliego de especificaciones aplican únicamente a los interesados en licitar y que fueron diseñados por la agencia con el propósito de crear unos requisitos mínimos que deben concurrir entre los licitadores para proveer uniformidad e imparcialidad al procedimiento de subasta de servicios o productos.
Aunque entendemos que la primera notificación enviada por la agencia no fue defectuosa, resolvemos que la AEE indujo a error a las partes, al enviar una segunda notificación el 19 de agosto de 1996 advirtiendo del término que se tenía para presentar la protesta a la adjudicación de la subasta y cancelando la notificación anterior. 
Diferimos del análisis realizado por la agencia recurrida a los efectos de que las partes aquí recurrentes debían conocer que el Gerente de Compras, el señor Jiménez Pagán, de la AEE no tenía facultad para cursar la segunda notificación en el idioma inglés ni para extender el término de diez (10) días dispuesto por ley para presentar la propuesta o reconsideración de la adjudicación de la subasta.
Al examinar las notificaciones enviadas por la AEE surge claramente que ambas fueron suscritas por el Gerente de Compras de la AEE y que por lo tanto los recurrentes no tenían por qué cuestionar la autoridad de aquél. Como muy bien señala la AEG Electric Power Systems Inc. en su Réplica a Oposición a Solicitud de Revisión por Falta de Jurisdicción, las recurrentes descansaron de buena fe en la representación contenida en la notificación cursada en el idioma inglés por el Sr. Jiménez Pagán, a los efectos de que la misma cancelaba la previamente cursada en el idioma español.
Ha sido resuelto por nuestro más alto foro que "un error de un organismo administrativo no obliga a éste, ni impide su corrección. "Del Rey v. J.A.C.L., 107 D.P.R. 348, 355 (1978).
. Esta doctrina ha sido aplicada a los casos en que una agencia ha incurrido en un error en la aplicación de la ley. Id. En el caso que nos ocupa la agencia recurrida no incurrió en un error en la aplicación de la ley, pero sí cometió un error al enviar una segunda notificación cuando no existía defecto alguno en la primera. Esto, a su vez, indujo a error a la recurrente de epígrafe al enviarle una segunda notificación el 19 de agosto de 1996. En García Colón v. Srio. de Hacienda, 99 D.P.R. 779, 786 (1971), el Tribunal Supremo señaló citando a Puig Brutau, que "quien ha dado lugar a la situación engañosa ....no puede hacer que su derecho prevalezca por encima del derecho de quien ha depositado su confianza en aquella apariencia."
Resolvemos que el efecto de la segunda notificación de la adjudicación de la subasta, cursada en el idioma inglés por el Sr. Jiménez Pagán, dio margen para que las recurrentes confiaran en su facultad para dejar sin efecto la notificación anteriormente cursada en el idioma español y para extender el término de diez (10) días dispuesto por ley para presentar una moción de reconsideración sobre la adjudicación de subasta.
Finalmente, se hace necesario hacer unos últimos señalamientos. Debemos distinguir los hechos *1065 del presente caso a unos muy similares presentados ante nos en el caso Núm. KLRA-96-00270, el cual fue resuelto por este Tribunal mediante sentencia del 26 de noviembre de 1996.
En dicho caso, el licitador-recurrente, luego de haber sido notificado de la adjudicación de la subasta en español, le solicitó a la agencia recurrida, la Secretaría de Procedimientos Adjudicativos de la AEE, que se tradujera al idioma inglés dicha notificación, que se detuviera la adjudicación y el término de diez (10) días para impugnar la misma. Sin embargo, tres días más tarde solicitó se dejara sin efecto su solicitud. A pesar de esta última solicitud, se le notificó en inglés al licitador-recurrente la carta de adjudicación. Este, posteriormente, presentó recurso de revisión ante nos, ya pasado el término jurisdiccional de diez (10) días contados desde la primera notificación y argüyó que dicho término comenzó a decursar a partir de la segunda notificación.
Este Tribunal desestimó el recurso de revisión por falta de jurisdicción al concluir que siendo la posición del licitador-recurrente una inconsistente, la solicitud y posterior retiro de ésta no podía tener el efecto de interrumpir el término jurisdiccional. Muy distintos son los hechos del presente caso, en donde la posición inconsistente fue asumida por la agencia recurrida y cuya actuación indujo a error a la aquí recurrente.
IV
Con estos antecedentes, se expide el auto solicitado, se revoca la resolución recurrida y se devuelve el caso a la Autoridad de Energía Eléctrica para procedimientos ulteriores compatibles con esta decisión.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA57
1. Sobre estos hechos el Sr. Font prestó declaración jurada el 23 de septiembre de 1996. Véase Recurso de Revisión, Apéndice, págs 4-7.
2. En la traducción al idioma inglés realizada por el Gerente de Compras de la AEE se expresó:
"This letter cancelled and substituted letter dated August 12, 1996." Véase Recurso de Revisión, Apéndice, pág. 23.
3. Aunque este Tribunal resolvió en Management Administration Services Corp v. Administración de Vivienda Pública, que es un requisito jurisdiccional notificar la presentación de un recurso de revisión a todos los licitadores, el Tribunal Supremo dejó sin efecto la sentencia emitida por el Tribunal de Circuito de Apelaciones por no haberse notificado el recurso de Certiorari a la agencia recurrida. La controversia jurisdiccional no ha sido resuelta aún por nuestro más alto foro.
4. El inciso 1.4 del pliego de especificaciones diseñado por la AEE para la subasta Núm. LJO-09281 disponía lo siguiente:
"All documentation shall be written in the English Language. All measurements shall be expressed in both metric and english units." Véase Recurso de Revisión, Apéndice, pág. 10.
5. Se le advierte a la agencia que una vez se notifica una resolución o adjudicación de la agencia, no se debe enviar otra segunda notificación, salvo defecto en la misma. Lo hecho con la notificación en este caso constituye una práctica altamente indeseable. En este caso el señor Jiménez Pagán muy bien pudo haber incurrido en responsabilidad civil en su capacidad personal por su conducta ultra vires al enviar una segunda notificación en inglés cuando ésta era innecesaria. Los oficiales públicos, además de ejercer sus funciones de una forma legítima, justa y vertical, deben impartirle igual apariencia a las mismas.